UNITED STATES BANKRUPTCY COURT- EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

In the Matter of                                             File No.   09-35267

RAYMOND WAHLER,                                  Chapter 7
LINDA WAHLER,
                    Debtors/                              JUDGE DANIEL S. OPPERMAN

**MOTION FOR SUBSTANTIVE CONSOLIDATION OF THE BANKRUPTCY ESTATES OF RAYMOND WAHLER AND LINDA WAHLER**

The Trustee, Michael A. Mason, presents the following as his Motion for substantive consolidation of the bankruptcy estates of Raymond Wahler and Linda Wahler:

1. Although Debtors filed a joint husband and wife Petition under Chapter 7 of the Bankruptcy Code pursuant to 11 USC 302 their bankruptcy cases and estates are substantively separate. See In re Reider, 31 F. 3rd 1101 (11th Cir 1994); In re Estrada, 224 B.R. 132 (Bk. S.D. Calif. 1998); In re Chan, 113 B.R. 427 (N.D. Ill. 1990). See also In re Gale, 177 B.R. 531 (Bk. ED. Mich. 1995). Debtors' estates will remain substantively separate unless substantively consolidated by court order pursuant to 11 USC 302(b). Even if an Order of substantive consolidation is entered, their cases will otherwise remain substantively separate. Substantive consolidation is justified where the spouses' affairs are so intermingled that their assets and liabilities cannot be separated; where there is a substantial identity between the handling of financial affairs by the spouses; or where the failure to consolidate will injure creditors. See In re Reider, supra. Where spouses filing jointly have lived and acted as a single financial entity substantive consolidation is appropriate. See In re Thomas, 261 B.R. 848 (Bk. E.D. Va. 2001), rev'd on other grounds 274 B.R. 450 (E.D. Va. 2001). District Court affirmed, In re Bunker, 312 F.3d 148 (4th Cir. 2002).

2. It is clear from Debtors' schedules and they confirm that they acted, pre-filing, as a single financial entity when handling their financial affairs in that they used whatever income they had to pay both of their living expenses and debts regardless of whose expense or debt it was thus creating a substantial identity between the handling of financial affairs of both spouses justifying substantive consolidation of their separate estates. Because the spouses acted, pre-filing, as a single financial entity all of the creditors should share equally in any funds collected by the Trustee, a result that will be accomplished by substantive consolidation.

3. If the estates are left substantively separate there will be two estates to be administered resulting in additional expenses of administration thereby reducing the funds available for creditors. Substantive consolidation will decrease the estate administrative expenses and is therefore in the best interest of creditors.

4. Because there was, pre-filing, a substantial identity between the Debtors handling of their financial affairs and because Debtors lived and acted as a single financial entity, all of their creditors should share equally in estate assets, a result that will be accomplished by substantive consolidation. Because the failure to substantively consolidate will increase estate expenses to the detriment of creditors, substantive consolidation is in the best over all interest of creditors and

1

should be ordered.

**WHEREFORE,** the Trustee prays that this Court enter an Order substantively consolidating the bankruptcy estates of Raymond Wahler and Linda Wahler.

Dated: February 23, 2010

           /s/ Michael A. Mason (P17185)
           516 W. Court Street
           Flint MI 48503
           PH 810-234-9201
           Email: mamtrustee@sbcglobal.net

Prepared by:
Michael A. Mason (P17185)
516 W. Court St.
Flint MI 48503
PH 810-234-9201